[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This concerns the plaintiff's Motion for Modification Re: Visitation (#107 in the file) and the defendant's "Motion For Modification of Visitation" (#112 in the file).
The time and manner of visitation is set out specifically on the page numbered 4 of the documents certifying the matter from the Supreme Court of New York, which had entered judgment in the whole dissolution proceeding between the parties, to this court in the above docket. Lines 6 through 14 of said page read as follows:
 Unless as otherwise provided, when exercising visitation rights the Father shall CT Page 5817 pick the child up at the residence of the child care provider or Mother and will return the child thereto at the termination of such period. All visitation shall take place away from the residence of the Mother.
 The Father shall have visitation on alternate weekends commencing on Friday at 5:00 P.M. and terminating on Monday morning at 9:00 A.M.
On February 16, 1994, the plaintiff moved to modify this visitation agreement because of claimed abuse of the child, David Smith, Jr. born to the parties June 9, 1988.
Two weeks later, on March 3, 1994, the defendant filed his motion for modification of visitation.
The court heard the matter at length on April 25, 1994. The child will be 6 years old next month and the present arrangement for visitation has been in effect for 3 years apparently without any problems.
On March 31, 1994, the court appointed Attorney Margaret Chandra as counsel for the child. She reported to the court at the hearing on April 25, 1994 that she had visited both houses, and that she had spoken with Dr. Ellen Fishbein, the treating physician of the child. She recommended that the visitation schedule as set out above be modified so that visitation would begin on Saturday through Sunday every other weekend. This recommendation takes 1 day of visitation from the defendant. However, it does eliminate the problem the child has of three consecutive nights away from the plaintiff. In place of that the court will allow the defendant to have visitation every Wednesday. Consequently, the present visitation schedule set out above is modified in the second paragraph only to read:
 "The Father shall have visitation on alternate weekends commencing on Saturday morning at 9:00 A.M. and terminating on Sunday evening at 8:00 P.M. He shall also have visitation every Wednesday (including the week when he has visitation from Saturday morning to Sunday evening) from 3:00 P.M. to 8:00 P.M.
THOMAS J. O'SULLIVAN, TRIAL REFEREE CT Page 5818